UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY DONELL JORDAN, | No. 2:17-cv-1478 JAM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BLITON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant subjected him to excessive force in violation of the Eighth Amendment. Before the court is defendant's motion to dismiss the complaint. For the reasons set forth below, the court will recommend this action be dismissed.

## BACKGROUND

**I.  Allegations of the Complaint**

Plaintiff is an inmate at Kern Valley State Prison. The conduct that is the subject of his complaint occurred when he was incarcerated at the California Medical Facility ("CMF") in 2015. Plaintiff alleges that on August 10, 2015 he was a mentally ill inmate in the Enhanced Outpatient Program ("EOP") at CMF. During a group therapy session that day, plaintiff and the instructor had a verbal altercation. The instructor called defendant Correctional Officer Bliton "because she wanted [plaintiff] out of the class." When Bliton entered the room, he grabbed

1

plaintiff by the shirt, causing plaintiff's back to hit the wall. Bliton then "slamm[ed]" plaintiff to the ground, straddled plaintiff while plaintiff was prone, and pressed his hand hard down on plaintiff's neck. Plaintiff states that he did not resist Bliton. (ECF No. 1 at 3-5.)

After the incident, Bliton falsified a Rules Violation Report ("RVR") in which he charged plaintiff with battery on a peace officer. Plaintiff was then placed in Administrative Segregation for several months where he was "subjected to various forms of cruel and unusual punishment by defendant['s] buddies." (ECF No. 1 at 5-6.)

Plaintiff contends that as a result of Bliton's excessive force, plaintiff suffered bruising, swelling, pain, shortness of breath, and a permanent shoulder injury. In addition, plaintiff's mental illness was exacerbated and plaintiff suffered nightmares. (Id. at 3.)

Plaintiff seeks compensatory and punitive damages. (Id. at 6.)

**II.  Procedural Background**

This case is proceeding on plaintiff's original complaint, filed here on July 17, 2017. (ECF No. 1.) On screening, the court found plaintiff stated a cognizable Eighth Amendment claim for excessive force against defendant Bliton. (ECF No. 6.) On April 20, 2018, defendant filed the present motion to dismiss. (ECF No. 13.) On July 2, 2018, plaintiff filed an opposition (ECF No. 17), and on July 10, defendant filed a reply (ECF No. 18).

**MOTION TO DISMISS**

Defendant argues that plaintiff's case may not proceed under 42 U.S.C. § 1983 because a favorable judgment in plaintiff's favor would invalidate the prison's finding that plaintiff assaulted Bliton and the resulting loss of 121 days of good time credits. Therefore, defendant continues, this case should be dismissed because plaintiff must seek relief through a petition for a writ of habeas corpus.

**I.  Legal Standards**

**A. Standard of Review on Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**B. Heck v. Humphrey**

In Heck v. Humphrey, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. 477, 481 (1994). A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Id. at 486–87. The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695

(9th Cir. 2005) (quotation omitted). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

## II. Request for Judicial Notice

Defendant asks the court to take judicial notice of: (1) RVR, log number 02-L-015-012; and (2) a CDCR Determinate Sentence Worksheet. (ECF No. 14.) The RVR documents start with defendant's report of the Battery on a Police Officer by plaintiff on August 10, 2015. (ECF No. 14 at 5-6.) Plaintiff attaches an identical copy of the first two pages of the RVR to his opposition to defendant's motion to dismiss. (See ECF No. 17 at 4-5.) The RVR then sets out the hearing conducted on the rules violation and concludes with the disposition:

> Inmate JORDAN is found GUILTY of a Serious Rule Violation a Division "B" offense for violation of CCR Title 15 Section 3005 (d)(1) Conduct. Specific act: of **Battery on a Peace Officer. 121 days of Behavioral Credit Forfeiture pursuant to a Division "B" Offense.**

(ECF No. 14 at 29 (emphasis in original).)

Exhibit B, the Determinate Sentence Worksheet, shows that plaintiff started a three-year sentence on April 24, 2015. (ECF No. 14 at 35.) It also shows a loss of 121 days of good time credits imposed as of August 10, 2015. (Id. at 36.)

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

Plaintiff does not object to the court taking judicial notice of the documents attached to defendant's request and, in fact, attaches some of them to his opposition. In addition, plaintiff

4

complains about the fact he was found guilty of the Battery on a Peace Officer charge. The court has no reason to question the authenticity of the documents and federal courts have recognized that RVRs fall within the category of public records subject to judicial notice. See Daniels v. Valencia, No. 1:17-cv-0492-DAD-EPG (PC), 2018 WL 3640321, at *3 (E.D. Cal. July 30, 2018), rep. and reco. adopted, 2018 WL 4636186 (E.D. Cal. Sept. 26, 2018); Givens v. Miller, No. 15CV2877-GPC(PCL), 2017 WL 840658, at *2 (S.D. Cal. Mar. 3, 2017), aff'd, 708 F. App'x 354 (9th Cir. 2017).

Therefore, the court will take judicial notice of the documents attached to defendant's request for judicial notice to establish the following facts relevant to this motion to dismiss: (1) plaintiff was charged with Battery on a Peace Officer for the events of August 10, 2015 that form the basis of his complaint; (2) plaintiff was found guilty of the charge at a rules violation hearing; and (3) plaintiff was assessed a loss of 121 days of good time credits as a result. To be clear, by taking judicial notice of the existence of these documents, the court is rendering no opinion about the underlying facts of the charge or of plaintiff's excessive force claim. See Daniels, 2018 WL 3640321, at *3 (taking judicial notice of an RVR does not mean "that the factual allegations contained in the RVR are deemed to be true").

**III.     Analysis**

Defendant argues that plaintiff's action is barred by Heck. Based on the August 10, 2015 incident, plaintiff was charged with a rules violation and found guilty of assault on a peace officer. He was assessed a penalty of 121 days of sentence credit. Defendant argues that because plaintiff's claim of excessive force involves the same facts as those underlying this guilty finding, plaintiff's success on his § 1983 claims would necessarily imply the invalidity of the punishment imposed in the prison disciplinary proceeding.

Plaintiff does not address the issues raised by defendant's motion. Rather, plaintiff simply again argues the merits of his excessive force claim and complains that he was charged and sentenced based on false evidence. (ECF No. 17.)

In Heck, the United States Supreme Court determined that a § 1983 action may not be used to attack a criminal conviction. Heck, 512 U.S. at 486. Thus, in situations where the

plaintiff's success on the § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first demonstrate he has received a "favorable termination" of his criminal conviction through a reversal or similar court action. Id. at 486–487. In Edwards, 520 U.S. at 643–647, the Court extended this requirement to § 1983 actions that, if the plaintiff is successful, would imply the invalidity of prison administrative decisions which assess a loss of good-time credits.

These cases do not wholly prohibit an inmate from challenging actions related to prison disciplinary proceedings. The Ninth Circuit has explained,

> In *Heck*, the Supreme Court ruled that an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid. 512 U.S. at 480–82, 114 S.Ct. 2364, 129 L.Ed.2d 383; *see also Edwards v. Balisok*, 520 U.S. 641, 643–47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (extending *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings). But the Supreme Court has clarified that Heck does not bar a § 1983 claim that "threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]" *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). We have also held that application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir.2003).

Wilkerson v. Wheeler, 772 F.3d 834, 840 (9th Cir. 2014). In Ramirez, the court considered the evolution of Heck and noted,

> nothing in Preiser, Heck, or Edwards holds that prisoners challenging the conditions of their confinement are automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas corpus. Rather, the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.

334 F.3d at 856.

When finding plaintiff guilty of battery, the hearing officer credited the following:

1. Bliton's statement that he asked Jordan to leave the group and Jordan refused by saying "No." Bliton then:

////

> gave JORDAN a direct order to turn around and cuff up, and JORDAN ignored my order. I placed my left hand on his right shoulder an[d] my right hand on his left shoulder to turn him away from me and place him in hand cuffs. JORDAN pushed me backwards with both hands striking me on my chest causing me to fall backwards to the floor with JORDAN landing on top of me. I then stood up holding on to JORDAN and placed him down on the floor with me on top of him using my body weight to hold him in place until Officer Nichols placed JORDAN in hand cuffs.

(ECF No. 14 at 28.)

2. The statement of Recreational Therapist R. Cummings that:

> On August 10, 2015, at approximately 1407 hours, during my Recreation Therapy group located in 0-106, Inmate Jordan (AW5170) became disruptive. He began yelling and was argumentative ignoring my request, in which I verbally directed him to leave group. He responded, "I'm not fucking going anywhere, you're going to have to force me." My co-worker Recreation Therapist Lahidji, who was co-facilitating the group stepped outside the room and asked officer Bliton for some assistance. Officer Bliton entered the group room and stated to Jordan, "Let's go you can't stay in group." Jordan responded, "I'm not going anywhere, you can't make me." Bliton stated "I'm giving you a direct order to leave group." Jordan ignored Bliton's direct order and continued to stand with his back and right foot up against the wall. Bliton ordered Jordan to turn around in order to place Jordan in hand cuffs. Jordan raised his left hand and extended it back with his hand made into a fist. At this time I pushed my alarm. Bliton pressed Jordan up against the wall in order to put him in hand cuffs. Jordan abruptly launched himself off the wall with his right foot causing Bliton and himself to fly backwards falling to the ground.

(Id. at 29.)

These findings encompass the force used to attempt to handcuff plaintiff and then to subdue plaintiff on the ground.

The parties do not address the elements of the rule that plaintiff violated. According to the RVR, the violation charged falls under 15 CCR § 3005(d)(1). (See ECF No. 14 at 29.) This section charges the inmate with the obligation to "not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Section 3005(d)(1) shows that the elements of battery on a peace officer are a: (1) willful (2) use of force (3) on a peace officer. Cf. Meadows v. Porter, No. 2:07-cv-0475-HDM-RAM, 2009 WL 3233902, at *2 (E.D. Cal. Oct. 2, 2009) (setting out the elements for the attempted use of force on a person under § 3005).

At the hearing, plaintiff stated that he "never pushed Officer Bliton" and argued that "there was a lot of inconsistencies in the report." (See ECF No. 14 at 28.) The fact that plaintiff was convicted of the battery indicates that the hearing officer rejected his contention that he did not push Bliton.

To prove excessive force, plaintiff would have to show that the force was used "maliciously and sadistically to cause harm" and not used in a "good faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Thus, whether or not Bliton's actions were done in self-defense and/or in an effort to restore order would necessarily be a consideration in plaintiff's excessive force claim. If plaintiff were successful on that claim, a court would have to determine that either plaintiff did not push Bliton or that plaintiff's use of force against Bliton was justified. Either determination would necessarily negate the finding that plaintiff was guilty of battery.

Accordingly, the court concludes plaintiff is required to demonstrate he has satisfied the "favorable termination" rule. See Cunningham v. Gates, 312 F.3d 1148, 1155 (9th Cir. 2003) (Where the assault and the forceful response arise from the same set of facts, the forceful response is a "natural consequence" to the plaintiff's provoking assault and is Heck-barred.); cf. Beets, 669 F.3d at 1042 ("[W]e recognized that an allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction."). Thus, the claim is Heck-barred unless plaintiff can demonstrate that his RVR adjudication has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. He has not done so.

The court finds that plaintiff's excessive force claim against defendant is barred by the favorable termination rule, and the claim should be dismissed. Heck, 512 U.S. at 489 (until and unless favorable termination of the conviction or sentence occurs, no cause of action under section 1983 exists).

**IV.     No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-

30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations against defendant cannot establish a plausible § 1983 claim as a matter of law and amendment would be futile. Further, the court finds it inappropriate to convert the complaint to a habeas petition. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (treating defective § 1983 claim as a habeas petition could prevent consideration of other habeas claims prisoner may have; best course is dismissal of the § 1983 claims without prejudice) (citing Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)).

For the foregoing reasons, IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////
////
////
////
////
////

9

specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/jord1478.mtd